UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY DENHAM,　　　　　　　　　　　　　No. 09-12740

　　　　　　Plaintiff,　　　　　　　　　　　　District Judge Stephen J. Murphy, III

v.　　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

ALBERT LORD, ET AL.,

　　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　　/

**REPORT AND RECOMMENDATION**

Before the Court is *Motion by Defendant Bolhouse Law to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement* [Docket #3], filed July 31, 2009, and *Motion by Defendant Albert Lord to Dismiss Plaintiff's Complaint* [Docket #6] filed August 4, 2009, which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that both motions be GRANTED, dismissing these Defendants with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**I.　　BACKGROUND**

On July 10, 2009, Plaintiff Johnny Denham filed a civil complaint, alleging that Defendant Bolhouse, Vander Hulst, Risko, Baar & Lefere, P.C. ("Bolhouse Law") oversaw the illegal foreclosure and sheriff's sale of the property commonly know as 35816 Concord Dr., Romulus, Michigan. *Complaint* at pg. 2 of 45. Plaintiff, also suing Albert Lord

1

("Lord"), Vice-Chairman and CEO of SLM Financial Corporation ("SLM"), disputes the validity of the underlying mortgages, executed in August, 2006. Although Plaintiff acknowledges that Tigeria Martin, not he, is the mortgagor of the property, he alleges an interest in the property as a result of a "Memorandum of a Land Contract," filed on September 17, 2008 with the Wayne county Register of Deeds. *Id.* at 6. Plaintiff disputes that Defendant Mortgagee SLM has a legitimate interest in the property. *Id.* at 9. The Complaint makes reference to the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1964, but makes no specific allegations under RICO against any of Defendants. *Id.* at 12-13. Plaintiff concludes by alleging that the mortgage loan in question was "illegally conceived and executed through deception and fraud" and "that the bank . . . committed fraud by [f]oreclosing." *Id.* at 19. He requests that the Court "undo" the January 14, 2009 foreclosure. On February 5, 2010, the Honorable Steven J. Murphy, III dismissed Defendant Borja pursuant to Fed.R.Civ.P. 4(m). *Docket #16*.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. A complaint must set forth a basis to conclude that subject matter jurisdiction exists. In this regard, Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436

(6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id.*

Furthermore, where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether

it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

### III. ANALYSIS

**A. Chronology of Events**

Defendant Bolhouse Law's motion to dismiss submits the following chronology of events, undisputed by Plaintiff. Tigeria Martin entered into a first and second mortgage for the property in question on August 30, 2006, (recorded on September 12, 2006). *Defendant Bolhouse's Brief* at 3, *Docket #3*. On December 13, 2007, Tigeria Martin filed a Chapter 13 bankruptcy petition, which was dismissed on January 24, 2008, Case No. 07-65407. *Id., Exhibit B*. Martin filed a second Chapter 13 petition on February 26, 2008, Case No. 08-44420. *Id.* Allegedly unaware of the second filing, Bolhouse proceeded with a foreclosure sale on the mortgages on March 20, 2008. *Id.* Upon discovering the existence of the second

4

bankruptcy petition, SLM filed a motion for relief from automatic stay with the bankruptcy court. Before the "stay" motion was decided, Martin's second bankruptcy petition was dismissed on May 21, 2008. *Id., Exhibit C.* On May 28, 2008, the Sheriff's Deed was recorded at the Wayne County Register of Deeds. *Id.* On September 17, 2008, Plaintiff and Martin recorded a "Memorandum of Land Contract on the Property. *Id., Exhibit D.* On October 16, 2008, Plaintiff recorded an "Affidavit of Unlawful Sheriff's Sale," contesting the March 20, 2008 foreclosure sale on the basis that it was conducted during the pendency of the bankruptcy stay. *Id.* at 4. Apparently acknowledging the invalidity of the first foreclosure sale, Defendants commenced a second foreclosure proceeding on November 3, 2008. *Id.* On January 14, 2009 the second foreclosure sale issued. Plaintiff filed suit on July 1, 2009, 13 days before the expiration of the redemption period.

Defendants Bolhouse and Lord filed two joint supplemental briefs [Docket #15, 17] providing the Court with updated information. Noting that Plaintiff's interest in the property was extinguished on July 14, 2009, Defendants note that SLM filed a Landlord Tenant Complaint on September 1, 2009 after Plaintiff refused to vacate the property. *Supplemental Brief* at 1. On September 23, 2009, "[o]ne day before the eviction hearing," Plaintiff filed a Chapter 13 bankruptcy petition, Case no. 09-69375, which was dismissed on October 14, 2009. *Id.* at 1-2. Plaintiff then filed a counter-complaint to the eviction proceeding. *Id.* at 2, *Exhibit 2.*

On November 25, 2009, the state court 1) held that "SLM has a right to possession of the Property;" 2) ordered Plaintiff to vacate the property 3) struck Plaintiff's counterclaim

5

4) found that SLM was entitled to $4,886.46 in costs and attorneys' fees. *Id., Exhibit 4*. After appealing the judgment to Circuit Court, Plaintiff filed another bankruptcy petition on December 4, 2009, Case no. 09-07131, which was dismissed on December 23, 2009. *Id.* at Exhibit 6.

Defendants' second supplemental motion states that Plaintiff filed yet another Bankruptcy petition on December 30, 2009, Case no. 09-75973, which was dismissed on January 28, 2010. *Second Supplemental Brief* at 1-2*, Docket #17.*

### B. Plaintiff's Failure to State a Cognizable Claim Against Either Bolhouse Law or Lord Mandates Dismissal of Claims Against Both Defendants

The present action, seeking to "undo" the January 14, 2009 foreclosure sale, is subject to dismissal under both Fed. R. Civ. R 12(b)(1) and 12(b)(6). Plaintiff's claims are liberally construed to allege that the first foreclosure sale, improperly performed by Bolhouse Law on March 20, 2008 during the pendency of the foreclosure, somehow invalidates SLM's interest in the property. Plaintiff's focus on the first foreclosure sale is a red herring. Assuming that this sale was invalidated by the bankruptcy stay, the complaint contains no factual allegations to suggest that *second* sale, which occurred on January 14, 2009, was fraudulent or otherwise violated any state or federal laws. Plaintiff has made no showing that the fact that the first sale was set aside invalidated the mortgagee's interest in the property. Consistent with the state district court's November 25, 2009 finding, Plaintiff, a non-party to the August, 2006 mortgage taken out by Tigeria Martin, does not have standing to contest either the March, 2008 or January, 2009 sale. *Docket #15, Exhibit 4* at 26 of 35. Even assuming that Plaintiff's

6

claim could be construed to state that his September, 2009 land contract memorandum stands ahead of the SLM interest, he has failed to articulate any factual basis for a federal claim, despite the Complaint's scattered and implausible references to RICO and the Fourteenth Amendment.

If allegations against Bolhouse Law are sketchy, they are nonexistent against Defendant Lord, Vice Chairman and CEO of SLM. Lord correctly notes that "[o]ther than having his name appear in the caption of the Complaint, no other reference could be found in the Complaint involving any acts or omissions," and as such, "Plaintiff has clearly failed to state a claim upon which relief can be granted." *Defendant Lord's Brief* at 5. I agree with the state district court's November 25, 2009 observation that Plaintiff's pleadings (now including multiple state and bankruptcy filings) are "frivolous," amounting to "stall tactics." *Supplemental Brief, Docket #15, Exhibit 4* at pg. 30 of 35. Plaintiff is in a sinking boat, bailing out water with a sieve in a frantic but futile attempt to stave off the inevitable. It is long past time for him to abandon ship.

Because the absence of factual allegations against both Defendants mandates dismissal under either Rule 12(b)(1) or 12(b)(6), the Court need not consider Lord's arguments pursuant to 12(b)(2) or 12(b)(5) for dismissal for lack of personal jurisdiction or insufficient service.

### IV. CONCLUSION

For these reasons, I recommend that both motions [Docket #3 and #6] be GRANTED, dismissing these Defendants with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/R. Steven Whalen  
        UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 28, 2010.

                                    s/Susan Jefferson
                                    Case Manager